UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARRY SIMON,

                        Plaintiff,

-against-

THOMAS KIDERA, LESLY WILLIAMS,
DHPHMDR#312793, ANTHONY BLANDING,
OBAFEMI HIMOTEP, NYPD P.O. AQUINO
#948625,

                        Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**
11-CV-6161 (CBA)

**AMON, Chief United States District Judge**

On November 18, 2011, Plaintiff Barry Simon, appearing *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. By order dated December 20, 2011, the action was transferred to this Court because the events alleged by Plaintiff occurred in Kings County. Plaintiff seeks damages and injunctive relief. On December 27, 2011, Plaintiff filed a letter request seeking a temporary restraining order against defendants. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed in part as set forth below. Plaintiff's motion for a TRO is denied.

### Background

Although not entirely clear, Plaintiff appears to allege that in January 2011, defendants Blanding and Himotep "pretending to be the landlord" took $900 from Plaintiff, and that on April 7, 2011, defendant Himotep "hit [him] in the face." Am. Compl., D.E. #4, at 4. Plaintiff further alleges that he sued these defendants along with the New York City Department of Housing Preservation and Development (HPD) in state housing court, but lost the case. Id. at 21. Plaintiff

also appears to make an unrelated allegation that he was falsely arrested on September 26, 2011. Id. at 10, 20.

## Standard of Review

In reviewing Plaintiff's complaint, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## Discussion

I. Plaintiff's Amended Complaint

A. Due Process - Section 1983

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat. Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)). Private actors and institutions generally are not proper defendants to a § 1983 action when they do not act under color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (explaining that § 1983 actions do not reach purely private conduct). "[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." Ciambrello v. County of Nassau, 292 F.3d

307, 324 (2d Cir. 2002) (internal quotation marks omitted). A "conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against a private entity." Id.

In the amended complaint, Plaintiff fails to allege facts to support a claim against Anthony Blanding and Obafemi Himotep, the private defendants, because his allegations of a nexus between the private defendants and the HPD are vague and conclusory, and fail to demonstrate that the actions of the defendants should be treated as state action. See Jackson, 419 U.S. at 351. The same is true of the slightly more detailed factual allegations in Plaintiff's motion for a temporary restraining order.

Furthermore, any action against the HPD is barred by section 396 of the New York City Charter, which provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision has been construed to mean that New York City departments and agencies, such as the HPD, as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008); Jones v. Dept. of Housing Preservation and Development, 2007 WL 582751 (S.D.N.Y. 2007).

Finally, to the extent Plaintiff sues Thomas Kidera and Lesly Williams, he provides insufficient facts to support a claim against these individuals. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Here, Plaintiff fails to make any allegations

3

against defendants Kidera or Williams that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Plaintiff's civil rights. Farrell, 449 F.3d at 484. Again, the factual allegations contained in Plaintiff's motion for a temporary restraining order provide slightly more detail, but this is no substitute for a well-plead complaint.

For the above reasons, the claims against Kidera, Williams, DHPDMDR #312793 (HPD), Blanding and Himotep are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). With respect to defendants Kidera, Williams, Blanding, and Himotep, the claims are dismissed without prejudice. Plaintiff is granted leave to amend his complaint within thirty (30) days to allege facts amounting to state action on the part of defendants Himotep and Blanding or personal involvement on the part of defendants Kidera and Williams. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (court must give leave to amend if the complaint "gives any indication that a valid claim might be stated").

B. Housing Discrimination Claims

Plaintiff has also failed to state a claim for housing discrimination. Plaintiff does suggest that defendants denied his rights under the Fair Housing Act "by their malicious [and] unlawful discrimination." Am. Compl., D.E. #4, at 5. The Fair Housing Act forbids discrimination on several bases—race, color, religion, sex, familial status, national origin, or handicap, see 42. U.S.C. § 3604—but Plaintiff has alleged no facts suggesting that he was discriminated based on one of them. Similarly, the Court cannot construe his Complaint as stating a claim under 42 U.S.C. §§ 1981 or 1982, both of which apply only to discrimination on the basis of race. See Cardona v. Comm. Access Inc., 2011 WL 6057908, at * 3 (E.D.N.Y. 2011).

Plaintiff does allege that his discrimination was based on an "illegal rent overcharge scam"

4

that violated rights "protected by the Rent Stabilization Law and the Emergency Tenant Protection Act." Am. Compl., D.E. #4, at 20-21. But the Court does not have jurisdiction over these claims. It is well-settled that "[f]ederal courts do not have subject-matter jurisdiction over landlord-tenant matters." Rosquist v. St. Marks Realty Assoc., LLC, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases). And the Court cannot exercise supplemental jurisdiction over these claims because they are not "so related" to any remaining claims in this action as to "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Accordingly, any housing discrimination or landlord-tenant claims against defendants Kidera, Williams, DHPDMDR #312793 (HPD), Blanding and Himotep must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

C. False Arrest

Plaintiff also appears to include a claim based on his September 26, 2011 arrest, which does not appear to be related to the claims addressed above. Plaintiff names P.O. Aquino, Shield No. 948624 as a defendant. He also attaches a "Complaint/Information," which indicates that Plaintiff was arrested for "urinating in public," Am. Compl., D.E. #4, at 24. Finally, he attaches a document indicating that, on November 15, 2011, the charge was dismissed. Id. at 10. Construed liberally, this states a claim for false arrest, which requires a plaintiff to establish that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

The complaint shall proceed against defendant Police Officer Aquino, Shield No. 948624.

Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996); see also Hygh v. Jacobs, 961 F.2d 359, 366 (2d. Cir. 1992) (setting forth elements for false arrest claims). Although the Court is not dismissing the false arrest claim, it advises Barry that if he wishes to amend his complaint with respect to his other § 1983 claims as discussed above, he should also provide additional factual detail underlying his claim for false arrest.

## II. Letter Motion for a Restraining Order

In the amended complaint, Plaintiff requests a restraining order against defendants Himotep, Blanding, and HPD, but does not specify what conduct the order should restrain. Am. Compl., D.E. #4, at 5. He renewed this request by letter motion on December 27, 2011, D.E. #8, but still has not explained what future action he wishes to restrain. To obtain a TRO, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Plaintiff has not demonstrated a likelihood of success on the merits on any claim against Himotep, Blanding, or HPD. Accordingly, his motion for a temporary restraining order is denied.

## Conclusion

The complaint, filed *in forma pauperis*, is dismissed with prejudice as against defendant DHPDMDR #312793 (HPD), and is dismissed without prejudice against defendants Kidera, Williams, Blanding, and Himotep for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants at this time. Plaintiff is granted leave to amend his complaint. The amended complaint must be submitted to the Court within thirty (30) days from the date of this Order, be captioned as an "Amended Complaint," and bear the same docket number as

this Order. An amended complaint form is attached to this Order for Plaintiff's convenience.

Plaintiff's request for a restraining order or order of protection is denied. See Docket Entry #8.

The false arrest claim against Police Officer Aquino, Shield No. 948625, shall proceed. The Clerk of Court shall prepare a summons against this defendant and the United States Marshals Service shall serve the summons, complaint and a copy of this order upon defendant Aquino without prepayment of fees.

A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
January 4, 2012