UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BARRY SIMON,

                     Plaintiff,

  -against-

THE CITY OF NEW YORK, RAYMOND W. KELLY,
COMMISSIONER OF THE NEW YORK CITY POLICE
DEPARTMENT, NYPD P.O. AQUINO #948625,
UNIDENTIFIED NYPD DESK SGT. FROM THE
70TH PRECINCT, AND UNIDENTIFED POLICE
OFFICER FROM THE 70TH PRECINCT, and
UNIDENTIFIED OFFICERS,

                  Defendants.
------------------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiff, complaining of the defendants, by his attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that he suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York..

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6.     That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7.     That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8.     Pursuant to the Seventh Amendment of the United States Constitution, Mr. Noel requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9.     Plaintiff, Barry Simon, is a resident of Kings County in the State of New York. At all times hereinafter mentioned, the defendant City of New York (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Upon information and belief, that at all times relevant and all times mentioned herein, the defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof.

11.     Upon information and belief, that at all times relevant and all times mentioned herein, defendants, RAYMOND W. KELLY, COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, NYPD P.O. AQUINO #948625, UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT, AND UNIDENTIFED POLICE OFFICER FROM THE 70TH PRECINCT UNIDENTIFIED, acting as Individuals and in their Official Capacity as Officers of

the NEW YORK CITY POLICE DEPARTMENT were employed by the defendant, CITY OF NEW YORK, as police officers in New York City, New York.

12. THE NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

13 This action arises under the Constitution of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

14. Each and all of the acts of the defendants alleged herein were performed by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## STATEMENT OF FACTS

15. On September 26, 2011 at approximately 8:30 p.m., Barry Simon was walking in his neighborhood when he stopped to sit on a park bench. While he was seated on the park bench, Officer Aquino and another officer from the 70th precinct came up to him and accused him of urinating in public just prior to their approach. Mr. Simon had not urinated in public nor was there any evidence of urination in the vicinity where the officers claimed Mr. Simon had urinated. The officers told Mr. Simon not to move, they guarded him for approximately twenty

minutes. After such time, the officers stated that a warrant check revealed that Mr. Simon had outstanding warrants and therefore he had to be taken into custody. Mr. Simon did not outstanding warrants. Mr. Simon was taken into custody where he explained to the Desk Sergeant at the precinct that he had no outstanding warrants. Mr. Simon was held in custody and taken to Central Booking. He was arraigned in the Criminal Court Kings County on September 27, 2011 and he was released in his own recognizance. There were no warrants for Mr. Simon. On November 17, 2011, the summons for urinating in public was dismissed.

16. For seven months prior to Mr. Simon's arrest, he had been involved in a housing dispute which resulted in the police from the 70th precinct being called to Mr. Simon's residence many times. Although an arrest was never effectuated, prior to September 26, 2011, Mr. Simon was threatened with arrests, was made to believe that he can be subject to an arrest as a result of his housing dispute, and he was intimidated and harassed by officers of the 70th precinct.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMMENDMENT VIA AN ILLEGAL SEARCH AND SEIZURE

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

18. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was illegally and unreasonably detained and seized and forced to return to court until the charges were dismissed.

19. That the said acts, were caused by the defendants, their agents, servants and employees, without any legal justification.

4

20. That the defendants confined the plaintiff, defendants intended to confine the plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to the confinement and confinement was not otherwise privileged.

21. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the illegal and unreasonable seizure and detention of the plaintiff.

22. That the said seizure and unlawful detention was caused by the defendants, without authority of the law and without any reasonable cause of belief that the plaintiff was in fact guilty of crimes.

23. That by reason of the unlawful seizure and detention the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

24. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983 – SUPERVISOR LIABILITY**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

26. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers who violated and abused plaintiff's rights.

27. That this defendant, UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT who was a supervisor had actual and constructive knowledge of the illegal seizure and false

arrest of plaintiff and various torts which were being committed by their subordinates against the plaintiff.

28. That the defendant supervisor did cause the plaintiff's harms by failing to remedy the patterns of false arrest and other constitutional violations the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practice occurred and was tolerated and their gross negligence in managing their subordinates. Not only did the Sergeant fail to inquire as to why Mr. Simon was taken into custody for what was alleged to have been a summons, he failed to make any diligent and accurate check of what was alleged to have been an outstanding warrant for Mr. Simon. A mere glimpse of Mr. Simon's criminal record check would reveal that there was no warrant.

29. That by reason of the unlawful seizure, assault, and detention the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

30. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983 BY THE CITY OF NEW YORK – MONELL CLAIM

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

32. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant City of New York (NYC).

33. Defendant UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT

and other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, and failing to accurately update the NYPD computer warrant check system and allowing a policy and practice to continue where officers, supervisors, and policy makers have continued to permit the false arrest of individuals for outstanding warrants when the policy makers know and have been made aware that their computer system is not updated for warrant histories. Yet the policy makers have failed to institute any policy or practice to rectify the needless and false arrest for individuals, knowing that the system fails to accurately reflect warrant history and disposition of cases in the criminal court system.

34.     Defendant UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, by failing to discipline officers who either make up the existence of a so-called warrant history or who fail to accurately check the system to determine if the individual in custody actually has a warrant history, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of his civil rights.

35.     Defendant UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, who are aware of and

subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

36.     Defendant UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to update the NYPD warrant data base and in failing to train officers regarding the proper criteria to accurately determine if a warrant actually exists.

37.     Defendant UNIDENTIFIED NYPD DESK SGT. FROM THE 70TH PRECINCT, as well as other UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

38.     That by reason of the unlawful seizure and detention the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

39.     That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIF'S CONSTITUTIONAL RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
VIA THE DEFENDANT OFFICERS' FAILURE IN THEIR
AFFIRMATIVE DUTY TO INTERVENE**

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

41. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual defendants.

42. That there exists a duty for defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

43. That such opportunity existed for the defendants in the instant case, in that the review of the system surely revealed that no warrant existed for the defendant, or, a mere telephone called could have ascertained when the system was last updated, and, a mere telephone call to the ECAB unit and/or court desk in the arraignment part could have revealed the warrant status, if any, for Mr. Simon, according to the court records.

44. That the defendants, by failing in their affirmative duty to intervene are responsible for the violations of the plaintiff's Fourth and Fourteenth Amendment rights.

45. That by reason of the unlawful seizure and detention the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

46. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, Barry Simon prays as follows:

    A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

    B. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E.     For any and all other relief to which he may be entitled.

Dated:  January 24, 2012
        Garden City, New York

By: _____
Amy Marion, Esq. (AM-7761)
666 Old County Road-Suite 900
Garden City, N.Y.  11530
(516) 745-0101